**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **PEGGY MOUSAW,** | |
| **Plaintiff,** | |
| **v.** | Civil Action No. |
| **THE COUNTY OF ST. LAWRENCE, THE COUNTY OF SAINT LAWRENCE BOARD OF LEGISLATORS, Individually and in their capacity as the elected officials of the County and KAREN ST. HILAIRE, Individually and in her capacity as the appointed County Administrator for the County of Saint Lawrence,** | 7:09-CV-523(DNH/GJD) |
| **Defendants.** | |

**<u>REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS</u>**

HANCOCK & ESTABROOK, LLP
*Attorneys for Defendants The County of St. Lawrence and The County of Saint Lawrence Board of Legislators and Karen St. Hilaire*
Lindsey H. Hazelton, Esq.
Office and P.O. Address
1500 AXA Tower I
100 Madison Street
Syracuse, New York  13202

1.      **Plaintiff's First Amendment Violation Claim Must Be Dismissed**.

With respect Plaintiff's Section 1983 claims, Defendants note preliminarily the well

settled principle that a municipality may not be held vicariously liable under Section 1983 for the

torts of its employees based on a respondeat superior theory.  *See generally Pembaur v. City of*

*Cincinnati,* 475 U.S. 469, 478 (1986).  Thus, to establish municipal liability for an alleged

constitutional deprivation, Plaintiff must show that that the deprivation was caused by a

municipal custom or policy.  *See, e.g., Rabideau v. Beekmantown Central Sch. Dist.*, 89 F.Supp

2d 263, 266-68 (N.D.N.Y. 2000).  Plaintiff's Complaint fails to allege the existence of any such

custom or policy that caused the alleged violation of her First Amendment rights.  As such, her

Section 1983 claims against the County, in general, are subject to dismissal.

Like the Fourth Amendment, the First Amendment provides for personal rights, and

plaintiff cannot be a "victim" where her speech was not personally chilled by government action.

 *Prestopnik v. Whelan*, 253 F.Supp.2d 369, 374 (N.D.N.Y. 2003) (quoting *Thornhill v. Alabama*,

310 U.S. 88, 95 (1940)).  Notwithstanding the fact that the Complaint contains no facts to

suggest that Plaintiff was ever in fact stifled in the exercise of her free speech, or otherwise

suffered a constitutional deprivation, Plaintiff claims that her First Cause of Action (First

Amendment) should survive dismissal and relies on *Gill v. Pidlypchak*, 389 F.3d 379 (2d Cir.

2004) for the conclusion that there is "no need to show chilling effect." Pl's Brf. p. 13. However,

the holding in *Gill* that eliminated the requirement to show a chilling effect was specifically

limited to the "narrow context of prisoner retaliation suits." *Gill v. Calescibetta*, 2009 WL

890661 *6 (N.D.N.Y. 2009) (quoting *Gill v. Pidlypchak* at 384) (internal quotation marks

omitted).  In order for Plaintiff to maintain her claim in this forum, it remains true that she must

establish that the Defendants' actions silenced her or had some actual, non-speculative chilling effect on her speech. *Williams v. Town of Greenburgh*, 535 F.3d 71, 78 (2d Cir. 2008); *Curley v. Vg. of Suffern.*, 268 F.3d 65, 73 (2d Cir. 2001). Not only does Plaintiff fail to assert such facts, she improperly argues that she is not required to do so. Thus, her First Cause of Action is properly dismissed.

**2.**      **Plaintiff's Retaliation Claim Must Be Dismissed.**

In opposition to the instant motion, Plaintiff appears now to concede that her federal lawsuit against the school district cannot form the basis of her retaliation claim against the County as a matter of law given that a lawsuit designed to further one's private interest is not protected speech. *Ruotolo v. City of New York*, 514 F.3d 184, 190 (2d Cir. 2008); *Herbil Holding Co. v. Brook*, 84 F.Supp 2d 369, 373 (E.D.N.Y. 2000). In fact, Plaintiff specifically contends that this is not her position, but rather it is her "outspoken" role as a school board member that ostensibly caused the County to retaliate against her. *See* Pl.'s Brf. p. 11 -12. It should be noted that this contention is directly at odds with multiple factual averments in the Complaint which clearly cite the litigation against the school district, including related FOIL requests, as the motivating speech. *See* Compl. 24, 34, 36, 75. Indeed, in counsel's December 21, 2007 letter (attached to the Complaint as Exhibit B) it is specifically averred that Plaintiff "began receiving unfair and discriminatory treatment from certain County officials **immediately after** she filed a federal lawsuit against the District and its agents in September 2007." (emphasis supplied.)

Even accepting Plaintiff's "revised" retaliation theory on its face, the Complaint still fails to sufficiently allege that such speech played any role, let alone was a motivating factor, in the

County's abolishment of the Deputy Budget Officer position in 2008. According to the

Complaint, Plaintiff was first elected to the school board in 2003 and was an "outspoken

member" who "publically questioned certain school district expenditures and decisions." Compl.

12. The Complaint does not allege that such speech in any way related to the County (vs. the

school district), nor does the Complaint allege that either the County or Ms. St. Hilaire were

aware of such speech and/or Plaintiff's self proclaimed proclivity for being outspoken, let alone

does it suggest why such activities by Plaintiff would matter one iota to the County or Ms. St.

Hiliare. There is simply no indication that anything Plaintiff allegedly said or did in her capacity

as a school board member had any plausible relevance to the County or Ms. St. Hilaire, let alone

that it was activity that could possibly could ignite retaliatory animus. In *Washington v. County

of Rockland*, 373 F.3d 310 (2d Cir. 2004), the Second Circuit held that plaintiffs could not state a

*prima facie* case of retaliation due to the lack of causal connection between defendants' alleged

retaliatory conduct (the filing of disciplinary charges) and plaintiff's protected speech (the filing

of discrimination complaints) *Id*. at 320-321.  "To satisfy the causal connection requirement of

the prima facie case, plaintiffs must show that their criticisms of RCSD were "a substantial

motivating factor" in RCSD's decision to initiate administrative disciplinary charges against

them….To do so, plaintiffs must aver some "tangible proof" demonstrating that their protected

speech animated RCSD's decision to initiate disciplinary charges…They "may not rely on

conclusory assertions of retaliatory motive." *Id.* (internal citations omitted.)  Defendants

maintain that the instant Complaint fails to adequately aver such "tangible proof" or otherwise

plead facts which suggest that Plaintiff's conduct as a school board member "animated" the

County's decision to abolish her position.  In order to survive a motion to dismiss, Plaintiff must

3

at least "allege facts from which a retaliatory intent on the part of defendants reasonably may be inferred." *Dougherty v. Town of N. Hempstead Bd. of Zoning*, 282 F.3d 83, 91 (2d Cir. 2002). Plaintiff's Complaint permits no such reasonable inference.  And given Plaintiff's own testimony that it was all about her lawsuit and she "had nothing else to base it on," (Tr. 177, 182) her attempts to otherwise link the abolishment of her position by the County to her conduct as a school board member cannot stand.

Plaintiff reiterates numerous times in her opposition papers the "newly discovered fact" that Colton Pierrepont Superintendent Martin Bregg testified that he called then-County Administrator Donald Brining in 2006 to advise him that Plaintiff had been charged with sexual harassment in connection with her school board position.  This fact, even if true, has no bearing on the allegations in Plaintiff's Complaint, nor does it provide any basis for liability against the County.  The Complaint itself makes no substantive allegations against Mr. Brining.  There is nothing to connect this single statement to Mr. Brining in 2006 to the abolishment of Plaintiff's position in February 2008 by a separate administration.  Moreover, there is no allegation that Mr. Bringing communicated this "information" to anyone at the County, including Ms. St. Hilaire.  It bears mentioning that there was also at least a four month gap between the time Mr. Brining retired in March 2007 (Comp. 21) and when Ms. St. Hilaire was appointed in June 2007. (Comp. 25).  The suggestion in Plaintiff's Brief that "St. Hilaire took over from Brining" (Pl. Brf. 16) and the notion that as such, any information imported to Brining from Bregg (notwithstanding the fact that it would be over a year old) would be automatically transmitted to Ms. St. Hilaire is absurd.  In any case, the filing of a sexual harassment charge *against* Plaintiff is not an exercise of her free speech nor does it indirectly implicate a constitutional right.  Thus, the fact that Mr.

Bregg may have told someone at the County about it is irrelevant and does not provide even an attenuated basis for liability against the County.  1.  Likewise, the fact that Mr. Knight may have had "negative" conversations about Plaintiff with certain County employees does not link *Plaintiff's* own free speech in her capacity as a school board member to the County.  At most it suggests that the "motivating factor" (assuming, *arguendo*, there was one; Defendants do not concede this) could be something that Mr. Knight said.

It should be noted that even had Plaintiff further specified any examples of her outspoken behavior on the school board between 2003 and 2007 that might arguably, by their nature, relate to the County, such examples would only serve to further eradicate any potential causal connection or motivating factor between her speech and the abolishment of her position.  For example, in *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 280 (2d Cir. 1999) the plaintiff was a superintendent who sued the district and school board following his termination. From the beginning of his employment and over a four-year period, the plaintiff criticized the school for its lack of leadership, low test scores, lack of control by teachers and accused teachers of manipulating test scores. *Id.* at 276. Among other claims, the plaintiff alleged he was wrongfully terminated in retaliation for exercising his right to Free Speech in violation of section 1983. The Second Circuit upheld the lower court's dismissal of his claim noting that the plaintiff "engaged in the speech over the entire course of his employment, not

---

1 The allegation that the County (via Brining) was provided this information as early as 2006 is, however, probative of Plaintiff's inability to establish any causal link between what was happening at the school district and her County employment.  It is well settled that retaliation will not be inferred when a long period of time passes between the exercise of a First Amendment right (protected conduct) and the imposition of the allegedly retaliatory adverse employment decision.  *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-4, 121 S. Ct. 1508, 1511, (2001) (holding that adverse action taken "20 months later suggests, by itself, no causality at all"); *Morris*, 196 F.3d at 113 (finding no inference of causation justified where two years elapsed between first amendment activity and discharge); *Taylor v. Potter*,  2004 U.S. Dist. LEXIS 15992, at *70-71 (S.D.N.Y. 2004) (eight-month gap is

merely prior to" the alleged adverse employment action. *Id.* at 280. Thus, where a plaintiff frequently criticizes his or her employer, it "renders unremarkable any temporal connection between any particular speech by plaintiff" and the adverse employment action. *Id.  See also McAllan v. Von Essen*, 517 F.Supp.2d 672, 683 (S.D.N.Y. 2007) (plaintiff worked for the FDNY and lodged his most recent complaint one month before the alleged adverse employment action, however, his claim was dismissed for a lack of inference of retaliatory animus because the plaintiff frequently criticized the City and FDNY).  *Cf, Anderson v New York*, 2009 U.S. Dist. LEXIS 36029 *65  (S.D.N.Y. 2009) (noting that it was precisely because the plaintiff <u>did</u> <u>not</u> "engage in numerous acts of speech over a long period of time" that the court found a basis to infer a causal relationship between the complaints and the termination.).  Thus, even had Plaintiff actually plead that the forum in which she exercised her right to free speech had even the slightest relation to the forum in which she contends she suffered retaliation, given her admitted history of such conduct, her claims would still fail.

**3.**      <u>**Plaintiff's Defamation Claim Must Be Dismissed**</u>.

In response to Defendants' motion to dismiss Plaintiff's Third Cause of Action (Defamation) Plaintiff contends merely that the "theft" allegations by Ms. St. Hilaire remain viable.  Plaintiff does not refute Defendants' arguments that the alleged "insertion of documents into her personnel file" does not state a claim for defamation.  While Plaintiff characterizes Ms. St. Hilaire's allegation of theft as "defamatory *per se*" she does not comply with precedent that requires a plaintiff to adequately plead with specificity facts supporting the essential elements of defamation, including to whom such a statement was published. *See Lore v. City of Syracuse*,

---

insufficient to establish a causal connection).

583 F.Supp.2d 345, 382 (N.D.N.Y. 2008) (complaint insufficiently generally alleged that the defendant announced its statements through various media outlets but failed to specifically identify any media outlets that the statements were made through or published by); *Bobal v. Resselear Polytechnic Institute*, 916 F.2d 759, 763 (2d Cir. 1990) (plaintiff failed to state a claim for defamation where she failed to adequately plead the particular statement made or how it was published); *Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 545 (N.D.N.Y. 1989) (dismissing defamation claim because it failed to specifically plead whether the statements were made to a third party and if so, who that third party was), *aff'd* 108 F.3d 462 (2d Cir. 1997).

**4.      Plaintiff's Due Process Claim Must Be Dismissed Because Plaintiff Had No Property Interest in her Position as Deputy Budget Officer.**

Plaintiff does not challenge Defendants' assertion that she was an employee at will, without any cognizable property interest in her position as Deputy Budget Officer (or the legal authority cited by Defendants in support of this position.)  Rather, Plaintiff contends that her verbal "agreement" with prior County Administrator Brining granted her a protectable interest in her position. Pl. Brf. 21. This contention is unavailing and not supported by the *Ciambriello* case cited by Plaintiff where the source of the plaintiff's property interest was derived from the collective bargaining agreement between plaintiff's employer and his union.  *Ciambriello v. County of Nassau*,  292 F.3d 307, 318 (2d Cir. 2002).  Plaintiff cites no actual legal support for the proposition that her alleged  "understanding" with Mr. Brining – which, as noted in Ms. St. Hilaire's September 13, 2007 correspondence (Hazelton Dec.  Exhibit 2) could not be corroborated – creates a recognized property interest.  Indeed, the notion that a supervisor's tacit approval to certain schedule modifications could give an otherwise at-will employee a protectable property right subject to modification only after hearing and opportunity to be heard

7

would render certain civil service classifications meaningless and turn New York's "employment at will" doctrine on its head.

5.    **Plaintiff's "Stigma Plus" Claim Must Be Dismissed.**

The standards now articulated by Plaintiff regarding the necessary elements for a claim for deprivation of liberty without due process are not borne out by the allegations in the Complaint.  "While public employees may have a liberty interest in not being defamed by their public employers, thereby preventing them from obtaining other government employment, plaintiff has failed to allege the actual publication of any stigmatizing and defamatory information that would support this theory."  *Grogan v. Holland Patent Cent. Sch. Dist.,* 2000 U.S. Dist. LEXIS 19127 (N.D.N.Y. 2000) citing *Strasburger v. Board of Educ., Hardin Cty. Comm. Unit Sch. Dist. No. 1,* 143 F.3d 351, 355-56 (7th Cir. 1998).   Both *Brandt v. Board of Cooperative Educational Service*, 820 F.2d 41 ( 2d Cir. 1987) and  *Donato v. Plainview,* 96 F.3d 623 (2d Cir.1996),* cited by Plaintiff, involved instances of actual "charges" of untoward and unprofessional conduct that was cited by the employer as the basis for the termination, placed in the personnel file, and which by their plain language, could reasonably be expected to impede the plaintiff's future employment opportunities.   *Brandt* involved charges of sexual misconduct; *Donato* involved professional incompetence.   In this case, the alleged defamatory material appears to be unspecified documents in Plaintiff's personnel file related to Plaintiff's personal life, that were not related to her employment with the County and which Plaintiff contends she had never seen before. See Compl. 48.   Plaintiff does not allege that the information had anything to do with her "professional competence" or that it could "severely impede her ability to continue" in her profession.  *Donato*, 96 F.3d at 633.   Nor is there any evidence to suggest this

8

in fact occurred given Plaintiff's lucrative position with the Village of Lake Placid.   It is also significant to note that this case, unlike those cited by Plaintiff, does not involve a "termination" of a person for identified and publicized reasons. Plaintiff was not "terminated" but rather, the position she held was abolished.  In this regard, Plaintiff lacks both the "stigma" and the "plus" required to establish her claim.

Plaintiff also states that "here, the stigma and the plus have temporal proximity though not directly connected with action starting at the school district and then moving over to the County (and more directly than previously know) and resulting in the adverse action of termination, where stigma and plus now come together."  Pl. Brf.  25.  While *Velez* may generally support the proposition that the "stigma" and "plus" need not originate from the same party, at the same time, it does not support the novel theory presented here, that such a claim may properly evolve from two completely separate and unrelated parties, affiliated with two completely different municipal actors.  Plaintiff presents no legal support for her contention that her "stigma plus" due process claim should survive dismissal.

**6.      Plaintiff's Claims Against the Individual Defendants are Subject to Dismissal.**

In response to Defendants' argument that the individual Defendants are entitled to dismissal of the Complaint dismissed against them, Plaintiff does little more than recite the standard.  She does not refute the fact that her Complaint is lacking in this regard and that she has failed to sufficiently plead any facts to support a constitutional violation by any individual Legislator or Ms. St. Hilaire.  *Van Wormer v. City of Rensselaer, et. al*, 2007 U.S. Dist. LEXIS 20830 (N.D.N.Y. 2007), *affirmed*, 293 Fed. Appx. 783 (2008); *Bogart v. New York City Law Department, et. al*, 2001 U.S. Dist. LEXIS 21919 (S.D.N.Y. 2001). Moreover, because Plaintiff

9

does not plead a causal connection sufficient to show that her speech was a motivating factor in

any individual defendant's action, her Complaint likewise does not allege actionable retaliation

by those individuals. *See Velez v. Levy*, 401 F.3d 75, 98-99 (2d Cir. 2005) (dismissing claims

against certain individual defendants where complaint failed to allege that individuals were

motivated by a particular animus towards plaintiff's politics.) Accordingly, the individual

defendants should be dismissed from this action.

## <u>CONCLUSION</u>

Based upon the foregoing, Defendants respectfully request an Order dismissing the

Complaint and granting such other and further relief as the Court deems just and proper.


Dated:  October 14, 2009                           Respectfully submitted,
Syracuse, New York

                                                   HANCOCK & ESTABROOK, LLP

                                                   s/Lindsey H. Hazelton
                                                   Lindsey H. Hazelton, Of Counsel
                                                   Bar Roll No. 509365
                                                   *Attorneys for Defendants*
                                                   1500 AXA Tower I
                                                   100 Madison Street
                                                   Syracuse, New York  13202

<u>**CERTIFICATE OF SERVICE**</u>

I, Lindsey H. Hazelton, attorney for Defendants do hereby certify that on October 14, 2009 I electronically filed the following documents with the Clerk of the District Court using the CM/ECF system:

1. Reply Memorandum of Law in Support of Motion for Summary Judgment; and
2. Certificate of Service.

Which is believed to have sent notification of same to the following:

Stephen Ciotoli, Esq. at <u>sdc@oharalaw.com</u>


Date:  October 14, 2009                        /s/Lindsey H. Hazelton_____
       Syracuse, New York                  Lindsey H. Hazelton
                                           Bar Roll No. 509365
                                           HANCOCK & ESTABROOK, LLP
                                           *Attorneys for Defendants*
                                           Lindsey H. Hazelton, Esq.
                                           1500 AXA Tower I
                                           100 Madison Street
                                           Syracuse, New York  13202
                                           Tel.:  (315) 471-3151
                                           Fax:  (315) 471-3167

11